UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL 1 CONNECTICUT HEALTH FUND; TRUSTEES OF THE BRICKLAYERS LOCAL 1 LABOR MANAGEMENT COOPERATION TRUST FUND; TRUSTEES OF THE BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE; and THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, LOCAL 1 CONNECTICUT<br><br>        **Plaintiffs**<br><br>    v.<br><br>J.J. CONCRETE FLOORS, INC. AND S&S CONCRETE PUMPING, LLC<br><br>        **Defendants** | Civil Action No.<br><br>December 4, 2020 |

## COMPLAINT

**PARTIES**

1.  Plaintiffs Trustees of the Bricklayers Local 1 Connecticut Health Fund; Trustees of the Bricklayers Local 1 Labor Management Cooperation Trust Fund; Trustees of the Bricklayers and Trowel Trades International Pension Fund; and the Trustees of the International Masonry Institute are the Trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (hereinafter "ERISA"), 29 U.S.C.

Sections 1002(3) and (37). The Funds are established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the International Union of Bricklayers and Allied Craftworkers, Local 1 CT and J.J. Concrete Floors, Inc. (hereinafter "J.J."). The Funds are administered at Zenith American Solutions, 10 Technology Drive, P.O. Box 5817, Wallingford, Connecticut, 06492 and 1825 Eye Street, NW, Washington D.C., 20006.

2. The International Union of Bricklayers and Allied Craftworkers, Local 1 CT (hereinafter "Union") is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. Section 152(5).

3. J.J. is a Connecticut corporation with an address located at 25 North Plains Highway, Suite D1, Wallingford, CT, 06492. S&S Concrete Pumping, LLC (hereinafter "S&S") is a Connecticut limited liability company with an address located at 25 North Plains Highway, Suite D1, Wallingford, CT 06492. J.J. and S&S transacted business as contractors or subcontractors in the construction industry and at all times herein were "employer[s] in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. Sections 142(1), (3), and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12) and (14); and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. Section 1001(a).

4. J.J. and S&S share a principal place of business. Upon information and belief, J.J. and S&S share common ownership. Upon information and belief, based on its

relationship with J.J., S&S shares a single employer and/or alter ego and/or double breasted relationship with J.J. and is therefore bound by the same contracts and obligations as J.J.

**JURISDICTION**

5. This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. Sections 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. Section 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce, and an action to collect contributions due to an employee benefit plan under the terms of the Collective Bargaining Agreement.

**Count I: Delinquent Contributions under ERISA**

6. The Plaintiffs hereby incorporate by reference Paragraphs 1-5 of the Complaint as fully set herein.

7. Defendant J.J. entered into a Collective Bargaining Agreement with the Union on July 27, 2018 establishing the terms and conditions of employment for bricklayers employed by J.J.

8. The Collective Bargaining Agreement also binds J.J. to the provisions of the Agreement and Declarations of Trust that created the Funds ("Trust Agreements") and to the Funds' Collection Policy which provides for interest, liquidated damages, reasonable attorney's fees, and sheriff and court costs to be imposed for the collection of any contributions that are not timely paid.

9. Defendant J.J. employed certain employees covered under the Collective Bargaining Agreement throughout the relevant period for the months of August 2018 through the present.

10. Pursuant to the Collective Bargaining Agreement, J.J. is required to make contributions to the Funds for each hour worked by its covered employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreements.

11. The Plaintiff Funds, pursuant to their authority as set forth in the Collective Bargaining Agreement and the Trust Agreements, conducted a routine payroll audit of J.J. covering August 2018 through September 2020 which revealed unpaid benefit contributions in the amount of **$401,840.46,** plus audit costs in the amount of **$8,882.02**.

12. Defendant J.J. has failed to submit reports and payment as required by the Collective Bargaining Agreement for the months of September 2020 through the present.

13. J.J.'s failure to pay the amounts owed to the Funds and the Union is a violation of ERISA 29 U.S. Code § 1145 requiring contributions to be made to multi-employer plans under the terms of a Collective Bargaining Agreement.

14. The amount owed may increase by the time judgment is entered, as J.J. may have continued to employ bricklayers and failed to remit remittance reports for any months after August 2020.

15. Pursuant to 29 U.S.C. 1132(g)(2), the provisions of the Trust Agreements, and the Collective Bargaining Agreement, J.J. is liable to the Plaintiffs for the unpaid

contributions, an amount equal to the greater of (a) double interest on the unpaid contributions, or (b) interest plus liquidated damages provided for under the Trust Agreements, as well as auditor fees and all attorney's fees and court costs incurred by the Funds in the collection process.

**Count II: Breach of Collective Bargaining Agreement**

16. The Plaintiffs hereby incorporate by reference Paragraphs 1-15 of the Complaint as fully set herein.

17. J.J.'s failure to pay the amounts owed to the Funds and the Union is a breach of the Collective Bargaining Agreement.

18. The amount owed may increase by the time judgment is entered, as J.J. may have continued to employ bricklayers and failed to remit remittance reports for any months after August 2020.

19. Pursuant to the Collective Bargaining Agreement, J.J. is liable to the Plaintiffs for all unpaid delinquent Fund contributions, union dues, interest on the unpaid contributions and dues, an amount equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for in the Plan, reasonable attorney's fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate.

**Count III: Alter Ego/Single Employer Liability**

20. Plaintiffs hereby incorporate by reference Paragraphs 1-19 of the Complaint as fully set forth herein.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

21. Upon information and belief, J.J. shares an alter ego and/or single employer and/or double breasted relationship with S&S. This relationship is based upon their common management, centralized control of labor relations, common ownership, common address of business, and common employees.

22. Based upon the alter ego and/or single employer and/or double breasted relationship that exists between J.J. and S&S, S&S is bound to the terms and conditions of the Collective Bargaining Agreement between the Union and J.J., and S&S is therefore obligated to make benefit payments on all employees performing work covered by the Collective Bargaining Agreement.

23. The routine payroll audit conducted by the Funds on J.J. also reveals a balance in benefit contributions owed to the Funds associated with hours worked by employees of S&S which were not reported to the Funds. A total balance of **$154,111.55** is owed by S&S in benefit fund contributions for work performed during the audit time period of August 2018 through September 2020.

24. The amount owed may increase by the time judgment is entered, as S&S may have continued to employ bricklayers and failed to remit remittance reports for any months after August 2020.

25. Pursuant to the 29 U.S.C. 1132(g)(2), the provisions of the Trust Agreements, and the Collective Bargaining Agreement as set forth in Paragraphs 16 and 19 of this Complaint, S&S is liable to the Plaintiffs for all unpaid delinquent Fund contributions, union dues, interest on the unpaid contributions and dues, an amount

equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for in the Plan, reasonable attorney's fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate.

26. Based upon the alter ego and/or single employer and/or double breasted relationship that exists between J.J. and S&S, S&S is liable for the debts of J.J., and J.J. is liable for the debts of S&S. In this regard, both J.J. and S&S are liable for the total outstanding balance of *$564,834.03* in benefit fund contributions, union dues, and audit costs, plus interest on the unpaid contributions and dues, an amount equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for in the Plan, reasonable attorney's fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate.

**WHEREFORE, Plaintiff Funds pray:**

A. That J.J. and S&S be deemed to have an alter ego and/or single employer and/or double breasted relationship and be determined to both be obligated to the Union and the Funds under the Collective Bargaining Agreement and liable for the debts of the other.

B. That J.J. and S&S be ordered to pay all unpaid fringe benefit contributions, union dues, and audit costs in the total amount of *$564,834.03*.

C. That J.J. and S&S be required to pay the greater of double interest or interest plus liquidated damages on the amount due, accrued from the date of the delinquency until the date of payments.

D.      That J.J. and S&S be ordered to pay the reasonable attorney and auditor fees and costs incurred by the Plaintiffs.

E.      That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the cost of J.J. and S&S.

FOR THE PLAINTIFFS,

*[signature]*

Alexander S. Lovejoy Esq. (ct30511)
ROBERT M. CHEVERIE
 & ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108-4203
Tele.: (860) 290-9610
Fax: (860) 290-9611
E-mail: alovejoy@cheverielaw.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 4th day of December, 2020 on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
31 Hopkins Plaza, Suite B2
Baltimore, MD  21201
**Attn:  Employee Plans**

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C.  20210
**Attn: Assistant Solicitor for Plan
        Benefits Security**

FOR THE PLAINTIFFS,

_____
Alexander S. Lovejoy Esq. (ct30511)
ROBERT M. CHEVERIE
 & ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108-4203
Tele.: (860) 290-9610
Fax: (860) 290-9611
E-mail: alovejoy@cheverielaw.com